# VAN ALSTYNE & COMPANY *v.* BOUTWELL MILLING & GRAIN COMPANY.

---

TRADEMARKS; PRIOR USE; TEN-YEARS CLAUSE; APPEAL AND ERROR; COSTS.

1. Where a flour dealer selling flour under contract with the manufacturer originated and used a mark as applied to the flour, which mark, however, was, with the knowledge of the dealer, registered as a trademark by the manufacturer and used by him on flour sold to other dealers within ten years of the time that the dealer registered the mark under the ten-years clause of the trademark act, it was *held* that the Commissioner of Patents properly canceled the registration to the dealer on application of the manufacturer, on the ground that the dealer had not exclusively used the mark for the ten years prior to his registration (following *Duluth Superior Mill. Co.* v. *Koper*, 37 App. D. C. 115), irrespective of the questions of first use, abandonment, and acquiescence.

2. On a trademark appeal, where, at the instance of the appellee, papers omitted from the transcript of the record were brought to this court by means of the writ of certiorari, and on the hearing of the appeal on the merits, the court found that the papers were unnecessary to a decision of the appeal, the costs of the writ of certiorari and the printing resulting therefrom were ordered to be taxed against the appellee, although the decision appealed from was affirmed.

No. 961.   Patent Appeals.   Submitted March 9, 1915.   Decided May 10, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents canceling the registration of a trademark.

*Affirmed.*

After the docketing of the appeal in this court by the filing of the transcript of the record, the appellee suggested the diminution of the record, and asked and was allowed the writ of certiorari to the Commissioner of Patents requiring him to transmit to the court the parts of the record set forth in the appellee's petition. The Commissioner made return to the writ, accompanying his return with copies of the papers sought to be incorporated in the record. The further material facts are set forth in the opinion of the Court.

*James H. Griffin* for the appellant.

*E. T. Fenwick* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents canceling the registration of a trademark, "Upper Hudson," for rye flour, registered by Van Alstyne & Company, January 14, 1913.

This registration was made under the ten-year clause of the trademark act. The Boutwell Milling & Grain Company had previously registered the mark on January 9, 1906. Van Alstyne & Company were flour dealers in New York city, members of the produce exchange, and seem to have originated the mark "Upper Hudson." This flour was manufactured by O. Boutwell & Son at Troy, and the trademark "Upper Hudson" with the name of Van Alstyne & Company was applied to the barrels after receipt in New York.

After some years Van Alstyne & Company sent the stencil marked "Upper Hudson" to O. Boutwell & Son to put the mark on the barrels and also their own name in place of Van Alstyne & Company. They sold flour so marked to a number of eastern dealers for a number of years continuing down to the present time.

By contract Van Alstyne & Company handled the flour in

New York city and vicinity, but finally an agreement was made with them to purchase the flour outright. This contract was not fully complied with by Van Alstyne & Company, and in 1905 the Boutwell Milling & Grain Company, successors to O. Boutwell & Son, began to ship flour with this mark to other dealers in New York city. This was known to Van Alstyne & Company, and in 1906, the Boutwell Milling & Grain Company registered the mark in their own name. Van Alstyne & Company were informed of this, and reported an infringement by a New York dealer, and the Boutwell Milling & Grain Company had the latter ended by negotiation with the infringer.

Thus it appears that the trademark was used by the Boutwell Milling & Grain Company for a number of years as their own with the knowledge of Van Alstyne & Company.

The Examiner of Interferences granted the decree of cancelation on the ground that the mark had been abandoned by Van Alstyne & Company, and the use of it by the Boutwell Milling & Grain Company acquiesced in.

The Commissioner affirmed this decision without passing upon the question of abandonment or acquiescence, but affirmed it on the ground that there had not been exclusive use by Van Alstyne & Company for the ten years prior to registration made necessary by the trademark act.

Passing by the question of first use of the mark on account of its nontechnical character, and also the question of abandonment and acquiescence, we agree with the Commissioner that Van Alstyne & Company had not the exclusive use of the trademark for the ten years prior to the registration made necessary by the act. See *Duluth Superior Mill. Co.* v. *Koper,* 37 App. D. C. 115.

The decision is right and is affirmed.

This decision will be certified by the Clerk to the Commissioner of Patents as required by law. The papers embraced in the return to the writ of certiorari being unnecessary to the decision of the cause, the costs of the writ and the printing thereof are ordered taxed against the appellee.    *Affirmed.*